# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

*Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

*Respondents.*

2:09-cv-01323-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the Petition is subject to dismissal as a mixed petition because all of the claims have not been exhausted, following upon Petitioner's responses (## 16 & 24) to the Court's show cause order (#15) and the filing of state court record materials (## 22-23).

### *Procedural Background*

Petitioner Joseph Antonetti a/k/a Joseph Gozdziewicz seeks to set aside his 2007 Nevada state conviction, pursuant to a jury verdict, of one count of attempted escape and once count of possession by a prisoner of tools to escape.

Petitioner represented himself at trial, but he was represented by counsel on direct appeal. He thereafter pursued a *pro se* state petition for post-conviction relief.

Petitioner's conviction was affirmed on direct appeal by an order filed on March 6, 2008. The time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired ninety days later on or about June 4, 2008.

On or about April 8, 2008, prior to the expiration of the time for seeking *certiorari* review in the United States Supreme Court, Petitioner mailed a *pro se* state post-conviction petition to the state district court clerk for filing.  The state district court denied relief on the petition, and the Supreme Court of Nevada affirmed on the state post-conviction appeal.  Following a denial of Antonetti's petition for rehearing, the remittitur issued on August 25, 2009.

Petitioner's federal petition reflects that it was mailed for filing on June 24, 2009, but the accompanying pauper application included attachments dated as late as July 1, 2009.  The Petition in any event was mailed prior to the completion of the state post-conviction proceedings.  The Petition was received and filed by the Clerk of this Court on July 21, 2009.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts.  To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.  *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

***Discussion***

***Ground 1***

The prior order directed Petitioner to show cause, *inter alia*, why the Petition is not subject to dismissal as a mixed petition because Ground 1 includes legal theories that were not been presented to the state courts.

In federal Ground 1, Petitioner alleges that he was denied rights to confrontation, access to the courts, equal protection of the laws, and due process in violation of the Fifth, Sixth, and Fourteenth Amendments because the state district court denied several pretrial motions seeking discovery of files from the Federal Bureau of Investigation (FBI), an inspector general, and the Las Vegas Metropolitan Police Department ("Metro") gang intelligence unit containing information and informant names regarding an alleged gang "contract" put out on Antonetti. Petitioner contends that this discovery would have provided material evidence for a necessity defense to the escape-related charges.

In state Ground 1, Petitioner alleged that the State engaged in prosecutorial misconduct in violation of the Fifth, Sixth and Fourteenth Amendments when he was not provided the above-described materials regarding an alleged gang threat to his life in response to his discovery motions. Petitioner did not invoke rights to confrontation, access to the courts, equal protection of the laws, or due process. He alleged only that he was "deprived . . . of a fair trial."[1]

State Ground 1, at best, fairly presented and exhausted only a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Fair presentation requires that the petitioner present the state courts with *both* the operative facts *and each federal legal theory* upon which his claim is based. *E.g., Castillo,* 399 F.3d at 999. Mere general appeals to broad principles such as "a fair trial" do not exhaust any specific federal constitutional claim. *Id.* Petitioner urges that the substance of the arguments that he presented in state court were similar to the claims in federal Ground 1. It is established law, however, that mere similarity

---

[1] #23, Ex. 92, at 8.

of claims is insufficient to establish exhaustion.  *See,e.g., Cook v. Schriro*, 538 F.3d 1000, 1030 (9th Cir. 2008), *cert. denied*, ___ U.S. ___,129 S.Ct. 1033, 173 L.Ed.2d 301 (2008).

Petitioner accordingly has failed to exhaust the claims in federal Ground 1 alleging a denial of rights to confrontation, access to the courts, and equal protection of the laws.  The Court will proceed in screening on the basis that Petitioner has exhausted only a due process claim under *Brady*.[2]  The remaining claims in Ground 1 are not exhausted.

### Ground 2

In federal Ground 2, Petitioner alleges that he was denied rights to effective assistance of counsel, equal protection, and due process in violation of the Fifth, Sixth, and Fourteenth Amendments when appellate counsel failed to raise the claims in federal Ground 1 on direct appeal.

In state Ground 2, Petitioner alleged only that he was denied a right to effective assistance of appellate counsel under the Sixth Amendment.[3]  He did not allege a denial of rights to equal protection and due process.  For substantially the reasons discussed as to federal Ground 1, the equal protection and due process claims in federal Ground 2 thus are not exhausted.

### Ground 3

Petitioner concedes that Ground 3 is not exhausted.[4]  All claims presented in a federal habeas petition first must be exhausted in the state courts.

/ / / /

IT THEREFORE IS ORDERED, considering the foregoing, that the Court holds that the

---

[2] This order does not preclude Respondents from contending following a service order that state Ground 1 did not present a sufficiently federalized claim pursuant to *Brady*.  The Court notes, however, that the Supreme Court of Nevada read and adjudicated state Ground 2 as presenting a claim of ineffective assistance of appellate counsel based upon appellate counsel failing to raise a *Brady* claim on direct appeal.  The claim in state Ground 2 alleged ineffective assistance of counsel for failing to raise state Ground 1 on appeal.

[3] #23, Ex. 92, at 9.

[4] #16, at 4 & 6.

1  following claims are not exhausted:
2        (a)    the claims in federal Ground 1 alleging a denial of rights to confrontation,
3             access to the courts, and equal protection of the laws;
4        (b)    the claims in Ground 2 alleging a denial of rights to equal protection and
5             due process in federal Ground 2; and
6        (c)    Ground 3 in its entirety.

IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk of the Court for filing a motion either for dismissal without prejudice of the entire petition, for partial dismissal only of the above-listed unexhausted claims, and/or for other appropriate relief.

The entire Petition will be dismissed without further advance notice for lack of complete exhaustion if an appropriate motion is not timely mailed to the Clerk for filing.

DATED:  November 24, 2010.

_____
PHILIP M. PRO
United States District Judge