# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:09-cv-001323-PMP-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion (#27) for reconsideration. Petitioner seeks reconsideration of the prior order (#26) filing that certain claims were not exhausted and giving Petitioner thirty days to seek appropriate relief as to the mixed petition.

    The motion will be denied. Petitioner spends much of the motion arguing the merits of the *Brady* claim in Ground 1. The Court proceeded on the basis that the *Brady* claim *was* exhausted, but it held that the additional claims in Ground 1 were not exhausted that alleged denials of rights to confrontation, access to the courts and equal protection of the laws. Petitioner's arguments regarding the merits of the *Brady* claim have nothing to do with the lack of exhaustion of the remaining claims.

    The motion otherwise rehashes arguments that either were or should have been presented in the response to the show cause order. The fact that petitioner is a layperson proceeding with limited legal resources does not overcome noncompliance with the exhaustion requirement. Petitioner did not raise the unexhausted legal claims in any of the

state court papers cited in the motion, and the State clearly did not waive the lack of exhaustion of any claims. See 28 U.S.C. § 2254(b)(3). Purported futility of exhaustion is not a basis for avoiding the exhaustion requirement, and the Nevada state courts apply substantially the same standards to overcome a potential procedural default that apply in the federal courts.

The Court further is fully authorized under Rule 4 of the Rules Governing Section 2254 Cases and the governing case law to screen the petition and to raise the exhaustion issue *sua sponte*. *See, e.g., Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). If petitioner files another frivolous reconsideration motion rather than timely responding to the prior order and this order, the Court will dismiss the petition without further advance notice.

IT THEREFORE IS ORDERED that Petitioner's motion (#27) for reconsideration is DENIED.

IT FURTHER IS ORDERED that this action will be dismissed without further advance notice if petitioner fails to fully comply with the Court's prior order (#26) within thirty (30) days of entry of this order.

DATED: December 7, 2010.

_____
PHILIP M. PRO
United States District Judge