# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:09-cv-001323-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's filing docketed as a statement (#29) regarding exhausted and unexhausted claims.

In an November 24, 2010, order, the Court held that certain claims were unexhausted. The order stated:

> IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk of the Court for filing a motion either for dismissal without prejudice of the entire petition, for partial dismissal only of the above-listed unexhausted claims, and/or for other appropriate relief.

#26, at 2.

Petitioner thereafter filed a motion for reconsideration, which the Court denied on December 7, 2010, characterizing the motion as frivolous. The order stated:

> . . . If petitioner files another frivolous reconsideration motion rather than timely responding to the prior order and this order, the Court will dismiss the petition without further advance notice.
>
>     . . . .

> IT FURTHER IS ORDERED that this action will be dismissed without further advance notice if petitioner fails to fully comply with the Court's prior order (#26) within thirty (30) days of entry of this order.

#28, at 2.

The present filing is not a motion for dismissal of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. The filing in truth is not a motion at all. The document is titles as: "Per Court's Order, <u>Procede</u>" [sic]. Petitioner states that he "grants this court may proceed with the *Brady* claim of Ground 1 and exhausted claim of Ground 2." The remainder of the paper questions the Court's prior ruling, states that Petitioner feels "trapped," and states that Petitioner will "deal with any further unreasonable rulings in the 9th Circuit." While stating that the Court "may proceed" with the exhausted claims, the paper does not move to dismiss the unexhausted claims.

The law here is clear. If Petitioner does not himself affirmatively move to dismiss the unexhausted claims, the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The Court will give Petitioner one final opportunity to fully comply with the prior order. If Petitioner does not timely and fully comply with the prior order within fifteen (15) days of entry of this order the entire Petition will be dismissed without further advance notice. Any further filings by Petitioner that do not constitute "a motion either for dismissal without prejudice of the entire petition, for partial dismissal only of the . . . unexhausted claims, and/or for other appropriate relief" will not result in another warning being issued by the Court. The case instead simply will be immediately dismissed.

Petitioner may challenge the Court's exhaustion holding on a later appeal from a final judgment, which has not been entered in this case as yet. At the present, however, Petitioner must fully and timely comply with the Court's prior order or the Petition will be dismissed forthwith.

IT THEREFORE IS ORDERED that Petitioner shall fully and timely comply with the Court's prior order (#26) within **fifteen (15) days** of entry of this order.

1 **If Petitioner does not timely file either (a) a motion either for dismissal without**
2 **prejudice of the entire petition, (b) a motion for partial dismissal only of the**
3 **unexhausted claims <u>in which he expressly and clearly identifies the claims to be**
4 **dismissed and expressly moves for the dismissal of the claims</u>, and/or (c) a motion for**
5 **other appropriate relief, the Petition will be dismissed without further advance notice.**
6 **This is the last compliance order and warning that Petitioner will receive prior**
7 **to a dismissal of the entire Petition.**

DATED:  January 5, 2011.

_____
PHILIP M. PRO
United States District Judge