# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:09-cv-001323-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's filing docketed as a notice (#31) of partial dismissal.

In a November 24, 2010, order (#26), the Court held that certain claims were unexhausted and gave Petitioner thirty days to file a motion for dismissal of the entire petition, for dismissal of the identified unexhausted claims, and/or for other appropriate relief. Petitioner thereafter filed a motion for reconsideration, which the Court denied on December 7, 2010, characterizing the motion as frivolous. The order stated that the matter would be dismissed without further advance notice if petitioner again failed to comply with the Court's order to file an appropriate motion.

Petitioner thereafter presented another filing that did not constitute a motion for dismissal of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. After identifying the multiple deficiencies, the Court again clearly and emphatically identified the action that Petitioner was required to take:

1
2
3
4
**If Petitioner does not timely file either (a) a motion either for dismissal without prejudice of the entire petition, (b) a motion for partial dismissal only of the unexhausted claims <u>in which he expressly and clearly identifies the claims to be dismissed and expressly moves for the dismissal of the claims</u>, and/or (c) a motion for other appropriate relief, the Petition will be dismissed without further advance notice.**

5
6
**This is the last compliance order and warning that Petitioner will receive prior to a dismissal of the entire Petition.**

7   #30, at 2 (both bold and underlined emphasis in original).

8   In response, Petitioner has filed a paper in which he purports to dismiss "unexhausted
9   claims as stated in document 26." He maintains that he no longer has the prior order (#26)
10  "but recalls this courts [sic] decision." He further asserts that he is unable to read cited cases
11  because he has no access to a law library, and he urges that *pro se* filings are to be read
12  differently.

13  *Pro se* filings indeed are read liberally. However, Petitioner, in this context, must
14  clearly and unequivocally identify the claims to be dismissed and move for their dismissal. He
15  was able to clearly state the claims in the Petition, and he must clearly and unequivocally
16  move to dismiss the claims. An ambiguous or indirect motion referring to "the unexhausted
17  claims" or "the claims stated in #26" is not sufficient. Petitioner may not present an
18  ambiguous motion to dismiss that leaves room for a later claim or argument that he did not
19  actually intend to dismiss the specific claims in question. He instead must be clear, express,
20  and unequivocal as to the claims that he is dismissing.

21  That is, Petitioner must clearly, expressly, and unequivocally – through his own direct
22  and clear statement in a filing – move to dismiss the following specific claims:

23      (a)    the claims in federal Ground 1 alleging a denial of rights to confrontation,
24             access to the courts, and equal protection of the laws;

25      (b)    the claims in Ground 2 alleging a denial of rights to equal protection and
26             due process in federal Ground 2; and

27      (c)    Ground 3 in its entirety.

28  Petitioner must move to dismiss these specific claims clearly and expressly.

If Petitioner does not himself affirmatively move to dismiss these claims – clearly, expressly, and unequivocally -- the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1]

IT THEREFORE IS ORDERED that Petitioner shall fully and timely comply with the Court's prior orders (## 26 & 30) within **fifteen (15) days** of entry of this order.

**If Petitioner does not timely file either (a) a motion either for dismissal without prejudice of the entire petition, (b) a motion for partial dismissal only of the unexhausted claims <u>in which he expressly and clearly identifies the claims to be dismissed and expressly moves for the dismissal of the claims</u>, and/or (c) a motion for other appropriate relief, the Petition will be dismissed without further advance notice.**

**This is the last compliance order and warning that Petitioner will receive prior to a dismissal of the entire Petition. No further efforts to again explain prior orders will be made prior to dismissal.**

The Clerk shall provide Petitioner another copy of #26 with this order and shall note the transmittal in the docket entry for this order.

DATED:  January 24, 2011.

_____
PHILIP M. PRO
United States District Judge

---

[1] Even where Nevada prisons do not allow direct physical access to a law library, they have paging systems allowing prisoners to obtain copies of decisions. In all events, Petitioner does not need to read the *Rose* decision to properly respond to the Court's orders. The Court is citing *Rose* as authority for the action that will be taken if he fails to respond properly. The action required of Petitioner is clearly defined in the Court's orders.