# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:09-cv-001323-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion (#33) for partial dismissal, which seeks dismissal of the claims that the Court has held are unexhausted.

The motion will be granted, and Respondents will be directed to respond to the remaining claims.

In connection with the response, the Court notes the following.

Ground 1 alleges a *Brady* claim, and Ground 2 alleges ineffective assistance of counsel in failing to raise the *Brady* claim on direct appeal. The Supreme Court of Nevada held on state post-conviction review that the *Brady* claim was procedurally barred as an independent substantive claim because it was not presented on direct appeal. The state supreme court rejected the claim of ineffective assistance of appellate counsel on the merits.

Resolution of Respondents' anticipated procedural default defense as to Ground 1 thus, at bottom, will be intertwined with a consideration of the merits of the claim of ineffective assistance of appellate counsel in Ground 2. The scheduling order herein therefore will direct

1 Respondents to raise any procedural default defense as to Ground 1 in the same filing with
2 the response to Ground 2 on the merits.

3 Respondents will be given an opportunity to assert any other remaining procedural
4 defenses first in a motion to dismiss prior to raising a procedural default defense as to Ground
5 1 along with the response on the merits as to Ground 2.

6 In this regard, when Respondents answer Ground 2 on the merits, Respondents shall
7 address Petitioner's specific assertion in #24, with reference to identified exhibits, that
8 "testimony from Stroesbeck [sic], stipulations from Gonzalez, and testimony from I.G. Damon,"
9 establish that there was additional *Brady* material over and above the material that was turned
10 over to the defense. The Court has reviewed the state supreme court's decision on the merits
11 of Ground 2, and the Court is familiar with the deferential standard of review under the
12 AEDPA. The Court is seeking a response in particular to Petitioner's allegation essentially
13 that the state supreme court's finding that Petitioner failed to demonstrate that any additional
14 *Brady* material was withheld was an unreasonable determination of fact.

15 Further in this regard, it does not appear that a copy of transcripts from the entire trial
16 has been filed as an exhibit in this matter. Exhibit 70 with #23 concludes with the opening
17 statements. The next trial transcript exhibit, Exhibit 73, picks up in the defense case-in-chief,
18 apparently after witness Damon had testified. It thus would appear that exhibits with a copy
19 of the portion of the trial transcript including the State's case-in-chief and a portion of the
20 defense case-in-chief have not been filed herein to date.

21 It is possible that the portions in question were not transcribed previously. This Court's
22 prior records-response order (#17) extended only to "any previously-prepared trial transcript
23 (excluding voir dire)." Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases, the
24 Court will direct Respondents to have prepared if necessary and file a transcript with the
25 testimony of witness Damon.[1]

---

28 [1]Detective Strosbeck's testimony begins at transcript page 17 in #73, and the Gonzalez stipulation is at 28.

IT THEREFORE IS ORDERED that Petitioner's motion (#33) for partial dismissal is GRANTED and that the following claims are DISMISSED without prejudice:

    (a)    the claims in federal Ground 1 alleging a denial of rights to confrontation, access to the courts, and equal protection of the laws;

    (b)    the claims in Ground 2 alleging a denial of rights to equal protection and due process; and

    (c)    Ground 3 in its entirety.

IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order, Respondents shall file a response to the claims in Grounds 1 and 2 that remain before the Court after the foregoing dismissal.

IT FURTHER IS ORDERED if Respondents assert any procedural defenses **other than procedural default**, they shall raise all such defenses together in a single motion to dismiss. Procedural defenses other than procedural default omitted from the motion to dismiss will be subject to potential waiver.

IT FURTHER IS ORDERED that any procedural default defense raised as to the remaining claims in Ground 1 shall be asserted together with the response on the merits as to the remaining claims in Ground 2.

IT FURTHER IS ORDERED that, in the response on the merits as to Ground 2, Respondents shall address Petitioner's contention that testimony from witnesses Strosbeck and Damon and the Gonzalez stipulation establish that there was additional *Brady* material over and above the material that was turned over to the defense, as discussed further on page 2 herein.

IT FURTHER IS ORDERED that Respondents shall file and serve with the response on the merits of Ground 2 copies of any additional state court record materials necessary to respond to the remaining claims therein that were not filed previously in ## 22-23, including a copy of a transcript containing the testimony of witness Damon, which shall be transcribed if not previously prepared. Given the anticipated small volume of any additional state court record exhibits, there is no need to provide the Court with a hard copy courtesy copy.

IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from service of the response to mail a reply to an answer or an opposition to a motion to dismiss to the Clerk of Court for filing.  The deadlines established herein shall override any shorter deadlines established in any form order issued under the *Klingele* decision.

IT FURTHER IS ORDERED that henceforth, Petitioner shall serve upon Respondents' counsel, upon the individual Deputy Attorney General identified in the notice of appearance, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to counsel for Respondents.  The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include an appropriate certificate of service.

The Clerk shall send an attachment with a copy of #18 to respondents along with this order.

DATED:  February 15, 2011.

_____
PHILIP M. PRO
United States District Judge