# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:09-cv-001323-PMP-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion (#35) to dismiss.

    Respondents seek dismissal of the claims that were not dismissed by the Court during screening, for lack of specificity.

    Petitioner Joseph Antonetti a/k/a Joseph Gozdziewicz seeks to set aside his 2007 Nevada state conviction, pursuant to a jury verdict, of one count of attempted escape and once count of possession by a prisoner of tools to escape.  In the remaining claims in Ground 1, Petitioner alleges that he was denied due process in violation of the Fifth and Fourteenth Amendments because the state district court denied several pretrial motions seeking discovery of files from the Federal Bureau of Investigation (FBI), an inspector general, and the Las Vegas Metropolitan Police Department ("Metro") gang intelligence unit containing information and informant names regarding an alleged gang "contract" put out on Antonetti. Petitioner alleges that this discovery would have provided material evidence for a "necessity"

defense to the escape-related charges. In Ground 2, Petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when appellate counsel failed to raise the claims in Ground 1 on direct appeal.

Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. ___ U.S. at ___, 129 S.Ct. at 1950. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570. A habeas petition instead must "state facts that point to a real possibility of constitutional error." *Id.*

The Court is not persuaded that the claims remaining in the *pro se* petition are lacking in sufficient specificity. Respondents urge, *inter alia*, that Petitioner "fail[ed] to specify which pre-trial motions he filed, when he filed them, what he requested, and which specific facts supported his state-court claims that each of these agencies had exculpatory and/or impeachment material." #35, at 4. A habeas petitioner, particularly a *pro se* petitioner, must allege his claims with specificity, not with minutiae. If the Court had been of the view that the Petition was not sufficiently specific to allow a response, it would have dismissed the claims with leave to amend during the active screening conducted herein. The claims presented were exhausted in the state courts, and they were rejected by the Supreme Court of Nevada on the record presented to that court either on the merits or on the basis of a state procedural bar. The two fairly straightforward grounds presented in this matter thus would appear to be postured for a definitive resolution under the applicable standard of review under AEDPA or the procedural default doctrine. The Court wishes to proceed to that resolution.

1    The Court expresses no opinion at this juncture as to whether the decision of the
2 Supreme Court of Nevada rejecting Ground 2 on the merits was neither contrary to nor an
3 unreasonable application of clearly established federal law due to the claim being based on
4 bare allegations in the state courts.  The Court holds only that the claims presented are
5 sufficiently specific under the applicable federal pleading standard to require a response rather
6 than dismissal with leave to amend.

7    IT THEREFORE IS ORDERED that Respondents' motion (#35) to dismiss is DENIED.

8    IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order,
9 Respondents shall file an Answer to the claims remaining in the Petition.  The provisions in
10 the prior order regarding the Answer remain in force and effect, subject to the intervening
11 decision in *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), with
12 regard to the content of the state court record as it relates to review under AEDPA.  See #34,
13 at 3.

14    IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from service of
15 the Answer to mail a Reply to the Clerk of the Court for filing.

17 DATED:  December 8, 2011.

_____
PHILIP M. PRO
United States District Judge